IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LABORATORY CORPORATION OF AMERICA,
INC.,

      Plaintiff,

v.                                                                          No. 2:19-cv-00495-SMV-KRS

SCOTT McMAHON, individually, and WHOLE
WORLD HEALTH CARE, P.C.,

      Defendants.

## FIRST AMENDED COMPLAINT FOR COLLECTION ON OPEN ACCOUNT

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Laboratory Corporation of America, Inc., through undersigned counsel, for its First Amended Complaint, states as follows:

### Parties and Jurisdiction

1.      Plaintiff Laboratory Corporation of America, Inc. ("LabCorp"), is a Delaware for-profit corporation doing business in New Mexico with a principal place of business in Burlington, North Carolina.

2.      Defendant Scott McMahon ("Dr. McMahon") is, upon information and belief, a natural person domiciled in Chaves County, New Mexico.

3.      Defendant Whole World Health Care, P.C., ("WWHC") is a New Mexico for-profit professional corporation with its principal place of business in Chaves County, New Mexico.

4.      Subject matter jurisdiction over the claims stated herein is appropriate pursuant to 28 U.S.C. § 1332 (2018) because the amount in controversy herein exceeds $75,000.00, and there is complete diversity among the parties.

1

5. This Court has personal jurisdiction over the Defendants as residents of the state of New Mexico.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) (2018) because all Defendants reside in the State of New Mexico.

## Factual Allegations

7. LabCorp operates a healthcare diagnostics business in New Mexico offering various medical laboratory services to medical providers in the state.

8. Dr. McMahon is a medical doctor practicing pediatrics in Roswell, New Mexico.

9. WWHC is a New Mexico professional corporation through which Dr. McMahon treats patients in Roswell, New Mexico.

10. In or about March 2011, Dr. McMahon opened a private account with LabCorp bearing account number 30490765 through which LabCorp authorized Dr. McMahon to, from time to time, order laboratory services.

11. In or about April 2018, WWHC opened a second private account with LabCorp, bearing account no. 30001260.

12. Beginning in or about March 2018, LabCorp received a series blood samples and requisition forms, bearing WWHC letterhead, Dr. McMahon's signature, and handwritten notations referring to either account no. 30490765 or 30001260 (collectively, the "Account"), for various diagnostic tests.

13. Upon information and belief, these orders involve actual or potential class action plaintiffs that Dr. McMahon evaluated for Chronic Inflammatory Response Syndrome pursuant to his role as a medical expert witness in a putative class action lawsuit in the District of Columbia.

14. Upon information and belief, Dr. McMahon and WWHC caused a third party phlebotomist, United Phlebotomy Group, to draw samples from a selection of the potential plaintiffs in this lawsuit for various tests germane to diagnosis of Chronic Inflammatory Response Syndrome.

15. Upon information and belief, Dr. McMahon and WWHC provided United Phlebotomy Group with signed requisition forms for account nos. 30490765 and 30001260.

16. Upon receipt of the samples and requisition forms, LabCorp duly completed the requested laboratory services, delivered the results to Dr. McMahon and WWHC, and charged its fees to the Account.

17. LabCorp issued invoices for immediate payment to Dr. McMahon and WWHC, on account nos. 30490765 and 30001260, as appropriate, in March (invoice no. 58505876), April (invoice no. 58653601), and June (invoice no. 58978856), 2018 (the "Invoices").

18. After issuance of the Invoices, Dr. McMahon and WWHC failed to pay the accounts current.

19. On June 21, 2018, LabCorp inquired with Dr. McMahon and WWHC by email regarding the status of payment on the Invoices.

20. Later that day, Dr. McMahon responded. Dr. McMahon claimed that the phlebotomist who collected the samples for the tests reflected on the Invoices should have collected insurance information rather than submit the requisitions for charge to his private LabCorp accounts. Dr. McMahon further claimed that he would cause the patients at issue to submit their insurance information to LabCorp.

21. LabCorp received images of insurance cards for some of the patients at issue in the Invoices, but these submissions did not include other information necessary to submit bills

3

for reimbursement to the patient's respective insurers, including, without limitation, patient address information and diagnosis codes.

22. Thereafter, LabCorp requested, on various occasions through September 2018, the missing information necessary to submit claims on each respective patient's insurance for the services reflected in the Invoices from Dr. McMahon, WWHC, and the attorneys involved in the underlying District of Columbia class action lawsuit.

23. LabCorp did not receive the necessary insurance information to submit insurance claims on the charges reflected in the Invoices prior to expiration of the timely filing deadlines for the affected insurers.

24. As such, LabCorp has not, to date, successfully recovered reimbursement for any services reflected on the Invoices from any patient's insurer.

25. Further, upon information and belief, the services reflected on the Invoices are not subject to reimbursement through any individual patient's insurance because the impetus for such services is litigation, rather than necessary medical treatment.

26. On October 12, 2018, LabCorp issued a demand for payment within ten days on account nos. 30490765 and 30001260 for the total balance then due, $119,750.75.

27. On October 17, 2018, LabCorp sent a second demand for payment of the balance due on account nos. 30490765 and 30001260 and informed Dr. McMahon and WWHC that LabCorp would initiate litigation to recover the amounts demanded in its October 12, 2018, letter.

28. The past-due balance on the Account is now $117,210.00, comprising a total balance due of $93,722.75 on account no. 30490765 and $23,487.25 on account no. 30001260.

## Count I: Collection on Open Account No. 30490765

29. LabCorp incorporates by reference the preceding paragraphs as if set out fully herein.

30. LabCorp maintains an "open account," bearing account no. 30490765, comprising a connected series of debit and credit entries for services provided to, or on behalf of, Dr. McMahon and WWHC.

31. This open account is a single and indivisible liability in contract arising from such running or concurrent dealings between the parties.

32. The account has not been closed, settled, or stated.

33. The account is now past-due in the amount of $93,722.75.

34. LabCorp is entitled to interest on the account pursuant to NMSA 1978, § 56-8-5 (1983).

35. LabCorp is entitled to collect its attorneys' fees and costs in collection on the account pursuant to NMSA 1978, § 39-2-2.1 (1975).

## Count II: Collection on Open Account No. 30001260

36. LabCorp incorporates by reference the preceding paragraphs as if set out fully herein.

37. LabCorp maintains an "open account," bearing account no. 30001260, comprising a connected series of debit and credit entries for services provided to, or on behalf of, Dr. McMahon and WWHC.

38. This open account is a single and indivisible liability in contract arising from such running or concurrent dealings between the parties.

39. The account has not been closed, settled, or stated.

40. The account is now past-due in the amount of $23,487.25.

41. LabCorp is entitled to interest on the account pursuant to NMSA 1978, § 56-8-5 (1983).

42. LabCorp is entitled to collect its attorneys' fees and costs in collection on the account pursuant to NMSA 1978, § 39-2-2.1 (1975).

### Count III: Quantum Meruit or Quasi-Contract

43. LabCorp incorporates by reference the preceding paragraphs as if set out fully herein.

44. To the extent necessary, LabCorp pleads this cause of action in the alternative.

45. LabCorp rendered valuable services for and on behalf of Dr. McMahon and WWHC in the form of diagnostic medical tests on the blood samples it received from United Phlebotomy Group.

46. Dr. McMahon and WWHC received the diagnostic test results knowing that LabCorp would expect compensation.

47. LabCorp demanded reasonable compensation from Dr. McMahon and WWHC for the services rendered, and Dr. McMahon and WWHC refused.

48. Dr. McMahon and WWHC have an obligation in equity to pay LabCorp the reasonable value of the services that LabCorp rendered on their behalf.

49. It would be inequitable to permit Dr. McMahon and WWHC to retain the benefits of LabCorp's provision of such services without payment

50. The amounts due on the Invoices represent a reasonable value of the services that LabCorp rendered on Dr. McMahon's and WWHC's behalf.

## Count IV: Unjust Enrichment

51. LabCorp incorporates by reference the preceding paragraphs as if set out fully herein.

52. To the extent necessary, LabCorp pleads this cause of action in the alternative.

53. LabCorp rendered certain services at the behest of Dr. McMahon and WWHC, causing LabCorp to incur various expenses.

54. Dr. McMahon and WWHC knowingly benefited from such services.

55. Allowing Dr. McMahon and WWHC to retain the benefits flowing from such services, including any payments received in conjunction with Dr. McMahon's interaction with the patients at issue, would be unjust.

[Space to Bottom of Page Intentionally Blank]

## Prayer for Relief

WHEREFORE, Laboratory Corporation of America, Inc., requests that the Court enter a money judgment in its favor against Defendant Scott McMahon and Defendant Whole World Health Care, P.C., jointly and severally, in an amount equal to the following sum:

a. $119,750.75 past-due on the account nos. 30490765 and 30001260;

b. Plus any additional debits on account nos. 30490765 and 30001260 from the time of the filing of this Complaint to the date of judgment;

c. Plus pre-judgment interest on any past-due amounts from the date of their accrual to the date of judgment at the maximum allowable rate under NMSA 1978, § 56-8-5 (1983);

d. Plus, pursuant to NMSA 1978, § 39-2-2.1 (1975), any reasonable attorneys' fees and other costs incurred by Laboratory Corporation of America, Inc., in collection on account nos. 30490765 and 30001260;

e. Plus any applicable post-judgment interest allowable under law.

Laboratory Corporation of America, Inc., further requests whatever other relief the Court deems just and proper.

Respectfully submitted,

MONTGOMERY & ANDREWS, P.A.

By:   /s/ Kaleb W. Brooks
       Suzanne C. Odom
       Kaleb W. Brooks
325 Paseo de Peralta
Santa Fe, New Mexico 87501
505-982-3873
sco@montand.com
kwbrooks@montand.com