IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LABORATORY CORPORATION OF AMERICA, INC.,

    Plaintiff,

vs.                                      No. 2:19-cv-00495 SMV-KRS

SCOTT MCMAHON, M.D., individually, and
WHOLE WORLD HEALTH CARE, P.C.,

    Defendants.

## SCOTT MCMAHON AND WORLD HEALTH CARE, P.C'S ANSWER TO FIRST AMENDED COMPLAINT FOR COLLECTION ON OPEN ACCOUNT

Defendants Scott McMahon and Whole World Health Care, P.C. ("Defendants") for their answer to Plaintiff's Amended Complaint ("Complaint") state as follows:

### FIRST DEFENSE

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and therefore deny them.

2.    Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.    Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.    Answering paragraph 4, Defendants admit that subject matter jurisdiction is appropriate in this Court.

5.    Answering paragraph 5, Defendants admit to this Court's jurisdiction.

6.    Answering paragraph 6, Defendants admit that venue is appropriate in this Court.

7.    Defendants admit on information and belief the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.    Defendants admit the allegations contained in paragraph 8.

9.    Defendants admit the allegations contained in paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint, and therefore deny them.

11. Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint, and therefore deny them.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore deny them.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint, and therefore deny them.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore deny them.

18. Answering paragraph 18 of Plaintiff's Complaint, Defendants admit they have not paid invoices for the work done, upon information and belief, at the request of a third-party phlebotomist and/or United Phlebotomy Group.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore deny them.

20. Answering paragraph 20 of Plaintiff's Complaint, Defendants deny the allegations set forth in the third sentence as Dr. McMahon did not have contact with or the ability to "cause the patients at issue to submit their insurance information to LabCorp." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore deny them.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore deny them.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint, and therefore deny them.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint, and therefore deny them.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint, and therefore deny them.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint, and therefore deny them.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint, and therefore deny them.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint, and therefore deny them.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint, and therefore deny them.

29. Answering paragraph 29 of Plaintiff's Complaint, Defendants incorporate the foregoing responses to the allegations of Plaintiff's Complaint as if they were fully set forth herein.

30. Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint, and therefore deny them.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint, and therefore deny them.

34. Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36. Answering paragraph 36 of Plaintiff's Complaint, Defendants incorporate the foregoing responses to the allegations of Plaintiff's Complaint as if they were fully set forth herein.

37. Defendants deny the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint, and therefore deny them.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint, and therefore deny them.

41. Defendants deny the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43. Answering paragraph 43 of Plaintiff's Complaint, Defendants incorporate the foregoing responses to the allegations of Plaintiff's Complaint as if they were fully set forth herein.

44. Paragraph 44 does not state any allegation that requires a response from Defendants.

45. Defendants deny the allegations contained in paragraph 45 of the Plaintiff's Complaint.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiff's Complaint, and therefore deny them.

47. Answering paragraph 47 of the Plaintiff's Complaint, Defendants admit they have not paid any compensation for the services rendered at the request of third-parties.

48. Defendants deny the allegations contained in paragraph 48 of the Plaintiff's Complaint and deny that any services were "rendered on their behalf."

49. Defendants deny the allegations contained in paragraph 49 of the Plaintiff's Complaint and deny that they received or retained any benefits of "LabCorp's provision of [...] services."

50. Defendants deny the allegations contained in paragraph 50 of the Plaintiff's Complaint and deny that any services were "rendered on their behalf."

51. Answering paragraph 51 of Plaintiff's Complaint, Defendants incorporate the foregoing responses to the allegations of Plaintiff's Complaint as if they were fully set forth herein.

52. Paragraph 52 does not state any allegation that requires a response from Defendants.

53. Defendants deny the allegations contained in paragraph 53 of the Plaintiff's Complaint and deny that any services were provided "at the behest of" Defendants.

54. Defendants deny the allegations contained in paragraph 54 of the Plaintiff's Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Plaintiff's Complaint.

56. Answering the "Prayer for Relief," Defendants acknowledge that Plaintiff seeks the described remedies but deny that Plaintiff is entitled to them.

57. Any allegation not specifically admitted is denied.

## SECOND DEFENSE

The Complaint, or portions thereof, fail to state a claim on which relief can be granted.

## THIRD DEFENSE

Defendants did not request the subject services from Plaintiff.

## FOURTH DEFENSE

Defendants did not authorize Plaintiff to charge them for the subject services.

## FIFTH DEFENSE

Defendants did not agree to pay for the subject services which were provided, upon information and belief, at the request of a third-party or parties.

## SIXTH DEFENSE

Plaintiff has failed to name an indispensable party or parties.

## SEVENTH DEFENSE

Defendants did not receive the benefits, if any, from the alleged provision of the subject services.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate its damages; the total award of damages found at trial, if any, are barred to the extent Plaintiff failed to mitigate its damages.

## NINTH DEFENSE

Plaintiff's claims against Defendants are barred by the equitable doctrines of laches, estoppel, and unclean hands.

## TENTH DEFENSE

The claims set forth in the Amended Complaint are premised on alleged agreements, if any, that are voidable due to mistake; Plaintiff and Defendants did not share a mutual meaning or shared understanding as to the rights and obligations borne by the parties and the intent underlying the same.

## ELEVENTH DEFENSE

The claims set forth in Plaintiff's Amended Complaint are barred by Plaintiffs' and others' fraudulent conduct.

## TWELFTH DEFENSE

The claims for relief set forth in Plaintiff's Amended Complaint are barred by the doctrine of waiver.

## THIRTEENTH DEFENSE

At all times material to this action, Defendants have fully performed each and every obligation, if any, arising from the alleged agreements, if any, that they have entered into with Plaintiffs.

## FOURTEENTH DEFENSE

Plaintiff's claims, and each of them, are barred by the statutes of limitations, the doctrine of laches, or both.

## FIFTEENTH DEFENSE

Defendants are entitled to an award of sanctions and are entitled to recover fees and costs for having to defend frivolous and vexatious litigation that has been instituted by Plaintiff in bad faith.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of *volenti non fit injuria.*

## SEVENTEENTH DEFENSE

Defendants are not parties to the alleged agreements upon which Plaintiff's Amended Complaint is based.

## EIGHTEENTH DEFENSE

Defendants are not proper parties to this action.

WHEREFORE, Defendants pray that Plaintiff's Amended Complaint and all claims and causes of action therein be dismissed with prejudice, and that Defendants recover their costs, and whatever further relief the Court deems just and proper.

Respectfully Submitted,

*/s/ Brian P. Brack*
_____
Steven S. Scholl
Brian P. Brack
James C. Wilkey
DIXON•SCHOLL•CARRILLO•P.A.
6700 Jefferson St NE, Bldg. B, Suite 1
Albuquerque, NM 87109
Telephone: (505) 244-3890
Fax: (505) 244-3889
Email: sscholl@dsc-law.com
Email: bbrack@dsc-law.com
Email: jwilkey@dsc-law.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2019, a copy of the foregoing was filed via the Court's electronic system which caused the following to be served:

Suzanne C. Odom, Esq.
Kaleb W. Brooks, Esq.
Montgomery & Andrews, P.A.
325 Paseo de Peralta
Santa Fe, NM, 87105
sco@montand.com
kwbrooks@montand.com

_____
Brian P. Brack