IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LABORATORY CORPORATION OF AMERICA,
INC.,

    Plaintiff,

v.                           No. 2:19-cv-00495-SMV-KRS

SCOTT MCMAHON, individually, and WHOLE
WORLD HEALTH CARE, P.C.,

    Defendants.

## **STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER**

This matter comes before the Court on Plaintiff's Motion for Entry of Stipulated Qualified HIPAA Protective Order. The Court, being fully advised of the premises, FINDS as follows:

1. This case involves a payment dispute concerning medical diagnostic services rendered by Plaintiff Laboratory Corporation of America, Inc.

2. Accordingly, one or more parties to this litigation may have documents containing protected health information, as defined in 45 C.F.R. § 160.103 and 164.501, that are otherwise within the scope of discovery, as defined in Federal Rule of Civil Procedure 26(b).

3. Good cause exists for the issuance of a qualified protective order, under 45 C.F.R. § 164.512(e)(1), to permit the parties to exchange such documents in the ordinary course of discovery.

Now, therefore, the Court ORDERS as follows:

A. The parties and their attorneys are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to medical diagnostics services that Plaintiff

Laboratory Corporation of America, Inc., provided and charged to the accounts of Defendants Scott McMahon and Whole World Health Care, P.C., at any time prior to the initiation of this litigation.

B. For the purposes of this Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

C. All "covered entities," as that term is defined by 45 C.F.R. § 160.13, are hereby authorized to disclose protected health information pertaining to this litigation to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

D. Except as agreed by the producing person or as otherwise provided herein, any protected health information produced in this litigation shall (i) only be used in the preparation for trial, trial, preparation for settlement conferences(s) or mediations, settlement conferences or mediations, or any appeal of this action and (ii) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto.

E. In compliance with 45 C.F.R. § 164.512(e)(v), upon final determination of this litigation, each person or party in receipt of protected health information must either return to the producing party or destroy the protected health information (including all copies made). Within thirty (30) days from the receipt of such request, each person or party to whom such materials

have been furnished or produced shall be obligated to return same, including any copies, or to destroy such documents and certify that they have been destroyed.

F. Nothing in this Order authorizes counsel for any party to this litigation to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

G. This Order does not authorize any party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file protected health information under seal.

IT IS SO ORDERED.

_____
Kevin R. Sweazea
United States Magistrate Judge

Stipulated:

MONTGOMERY & ANDREWS, P.A.

By:    */s/ Kaleb W. Brooks*
       Suzanne C. Odom
       Kaleb W. Brooks
325 Paseo de Peralta
Santa Fe, New Mexico 87501
505-982-3873
sco@montand.com
kwbrooks@montand.com

*Attorneys for Plaintiff*

DIXON, SCHOLL, CARRILLO, P.A.

By:    Approved via email 8/16/2019
       Steven S. Scholl
       James C. Wilkey
       Brian P. Brack
PO Box 94147
Albuquerque, New Mexico 87199
505-244-3890
sscholl@dsc-law.com
jwilkey@dsc-law.com
bbrack@dsc-law.com

*Attorneys for Defendant*